# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

RYAN JAMES GRIFFIN,

      Plaintiff,

v.                                                                      No. CV 09-0312 BB/KBM

SAN MIGUEL COUNTY DETENTION CENTER,
WARDEN P. SNEDEKER,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint.  Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted."  The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal

standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint names as Defendants the San Miguel County, New Mexico, Detention Center and its warden. Plaintiff asserts that he suffered a number of constitutional violations while confined at the detention center. The complaint itself contains no factual allegations but refers to a number of attachments for "further details." In the attachments, Plaintiff alleges that his mail has been intercepted, he was transferred in retaliation for filing a grievance, commissary prices are excessive, he was denied access to legal materials, inmates are classified in violation of policies, illegal searches are conducted, and disabled inmates are not accommodated. The complaint seeks damages and equitable relief.

No relief is available on Plaintiff's claims against Defendant San Miguel County Detention Center. "[A] detention facility is not a person or legally created entity capable of being sued." *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086, at *4 n.3 (10th Cir. June 21, 2000), *quoted in White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001). For purposes of this order, therefore, Plaintiff's allegations against the detention center are construed as directed at the County itself. The County cannot be held liable for the asserted violations because Plaintiff makes no allegations that Defendants acted pursuant to "some official policy or custom [that] was the moving force behind the violation." *Stevenson v. Whetsel*, 52 F. App'x 444, 446 (10th Cir. 2002). The Court will dismiss Plaintiff's claims against the County.

IT IS THEREFORE ORDERED that the order to show cause (Doc. 8) is QUASHED; the initial partial payment toward the filing fee is WAIVED; Plaintiff shall file monthly financial certificates and make monthly payments of twenty per cent (20%) of the preceding month's income

credited to Plaintiff's account or show cause why the payment should be excused; and the Clerk is directed to provide Plaintiff with two copies of the post-filing financial certificate;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant San Miguel County Detention Center, construed herein as claims against the County, are DISMISSED; and Defendant San Miguel County Detention Center is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with a copy of Plaintiff's complaint, for Defendant Snedeker.

_____
UNITED STATES DISTRICT JUDGE