IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RYAN J. GRIFFIN,

      Plaintiff,

v.                                                CIV 09-0312 BB/KBM

WARDEN P. SNEDIKER,

      Defendant.

# ORDER DENYING APPOINTMENT OF COUNSEL
# &
# MOTION TO AMEND

This prisoner civil rights suit is before the Court on Plaintiff's motion requesting appointment of counsel *(Doc. 18)*. As Plaintiff points out in his motion, Defendant recently filed the waiver of service form and, according to the waiver, the answer or dispositive motion is due approximately September 9, 2009. *See Docs. 17, 18.* Once those initial steps are accomplished and if they do not dispose of the matter, the case will be ready for *Martinez* Report, which is a standard practice in this district for prisoner civil rights cases.

Under *Martinez v. Aaron,* 570 F.2d 317, 320 (10th Cir. 1978), this Court may

order defendants to investigate the incident or incidents underlying Plaintiff's lawsuit and submit a report of their investigation in order to develop a factual or a legal basis for determining whether a prisoner plaintiff has a meritorious claim.  *See, e.g., Gee v. Estes,* 829 F.2d 1005, 1007 (10th Cir. 1987).  A *Martinez* Report may be used in a variety of contexts, including a motion for summary judgment or *sua sponte* entry of summary judgment.  When a *Martinez* Report is used for summary judgment purposes, the *pro se* plaintiff must be afforded an opportunity to present conflicting evidence to controvert the facts set forth in the report.  *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991).

There is no automatic and constitutional right to appointment of counsel in prisoner civil rights cases.  *See, e.g., Parker v. Bruce,* 109 Fed. App'x 317, 321 (10th Cir. 2004) (citing *Wendell v. Asher,* 162 F.3d 887, 892 (5th Cir. 1998); *Abdur-Rahman v. Mich. Dep't of Corr.,* 65 F.3d 489, 492 (6th Cir. 1995); *MacCuish v. United States,* 844 F.2d 733, 735 (10th  Cir. 1988); *Poole v. Lambert,* 819 F.2d 1025, 1028 (11th Cir. 1987); *Bishop v. Romer,* 1999 WL 46688, at *3 (10th Cir.) (unpublished opinion)*, cert. denied,* 527 U.S. 844, 1008 (1999)).  In considering whether to appoint counsel for indigent plaintiffs under 28 U.S.C. § 1915(d), the factors this Court should consider include "'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his

2

claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann,* 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese,* 926 F.2d 994, 996 (10th Cir. 1991)).  The *Martinez* Report procedure will aid in the consideration of these factors.  More importantly, the issues are few and straightforward, and Plaintiff has more than demonstrated his ability to present them to the Court.  His *pro se* Complaint alleges violation of constitutional rights regarding "access to legal materials," "mail procedures," "unneccessary (sic) strip searches," "improper medical care," *Doc. 1* at 2, and contains a supplement that provides "further details" about his claims, *id.,* including copies of the relevant grievances, *see id.* at 8-25.

      Plaintiff's motion to amend seeks to add additional parties and provides in pertinent part:

> I would also now like to request to amend whom this suit is towards.  I amend that [my § 1983 lawsuit] be claimed toward any person or staff member of San Miguel Detention Center whom held up the polic[ies] and customs to which unconstitutional an uncivilized behavior was pushed on toward the inmates/residents

*Doc. 14.*  Under Rule 15 of the Federal Rules of Civil Procedure, leave should be "freely granted when justice so desires."  FED. R. CIV. P. 15(a)(2).  However, his request is too vague and too broad to be granted at this juncture.  Summons cannot

issue to any or all staff members. If Plaintiff has a specific person to be added and has specific allegations against that person, the Court will entertain a similar motion at a later date.

Wherefore,

IT IS HEREBY ORDERED that Plaintiff's motions for appointment of counsel and to amend *(Docs. 14, 18)* are DENIED WITHOUT PREJUDICE.

_____
UNITED STATES MAGISTRATE JUDGE